United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————

No. 03-10425

————————

EMANUEL KEMP, JR.,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS
DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 4:99-CV-490-Y

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Petitioner Emanuel Kemp, Jr. ("Kemp") was convicted of capital murder in Texas and

sentenced to death. He now requests a Certificate of Appealability ("COA") on six issues.

———————————

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Kemp was convicted of capital murder for a sexual assault and murder committed in the course of hijacking a Fort Worth Transit bus. During his state habeas proceedings he was found to be mentally incompetent to be executed. A subsequent examination revealed Kemp to be competent to be executed, and his application for writ of habeas corpus was then denied by the Texas Court of Criminal Appeals. Kemp filed a second petition for habeas relief after a new execution date was set. The Texas Court of Criminal Appeals held this subsequent habeas petition was barred as an abuse of the writ. Kemp then filed a habeas application under 28 U.S.C. § 2254, with seven grounds of relief, all of which were denied by the district court.

In his petition for COA, Kemp claims that he was (1) denied due process during state habeas proceedings as a result of his incompetence and the operation of the Texas successive writ statute, codified at TEX. CODE CRIM. PROC. art. 11.071 § 5 (Vernon 2003); (2) denied constitutionally effective counsel as a result of his incompetence; (3) denied due process and constitutionally effective counsel as the result of the denial of funds to obtain a mental health expert; (4) denied the right to an impartial jury when his challenge for cause against a racially prejudiced venire member was denied by the court; (5) denied the right to an impartial jury when his challenge for cause against a venire member biased in favor of the death penalty was denied by the trial court; and (6) denied due process as the result of forced medication without a showing of dangerousness.[1]

To receive a COA from this Court, Kemp must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A substantial showing requires that "reasonable jurists

---

[1]In his federal habeas petition, Kemp also requested relief because he claimed he was not competent to be executed. The district court dismissed this claim as premature because no execution date has been set. Because no execution date has yet been set and neither party has challenged the district court's ruling, that claim is not currently before us.

would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The district court is required to evaluate the habeas petition to see if the state court's determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). In addition, a state court's findings of fact are entitled to a presumption of correctness unless the petitioner rebuts that presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). When a petition is dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484 (emphasis added).

None of Kemp's claims satisfy the standard for issuing a COA.

Three of Kemp's claims were dismissed by the district court on procedural grounds because the state court ruled they were barred from being presented to the state court and Kemp failed to show cause and prejudice or a fundamental miscarriage of justice for the procedural default. These claims were: his first claim that he was denied due process as a result of his incompetence and the operation of the Texas successive writ statute; his second claim that he was denied constitutionally effective counsel as the result of his incompetence; and his sixth claim that he was denied due process as the result of forced medication without any showing of dangerousness were dismissed.

A state court denial of a federal claim on state procedural grounds will serve as an adequate and independent state law ground that forecloses review of such claim in federal court if the state procedural rule was firmly established and regularly followed at the time it was violated. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (finding that federal review was not foreclosed by state

procedural ground because state rule not firmly established and regularly followed).  The Texas abuse of the writ doctrine is an adequate state ground to bar federal habeas review. *Emery v. Johnson*, 139 F.3d 191, 195-96 (5th Cir. 1997).  Federal habeas review will be barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of the federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Kemp does not question the district court's finding that these three claims were procedurally barred by the Texas abuse of the writ doctrine.  Although Kemp does claim cause and prejudice in his COA petition, he did not plead cause and prejudice for the procedural default to the district court.  "A contention not raised by the habeas petitioner in the district court cannot be raised for the first time on appeal from that court's denial of habeas relief." *Johnson v. Puckett*, 176 F.3d 809, 814 (5th Cir. 1999).  Because Kemp did not raise the issues of cause and prejudice before the district court, reasonable jurists could not find it debatable that these claims are procedurally barred.  Kemp is not entitled to COA on these issues.

The district court dismissed Kemp's third claim, that the denial of funds to obtain mental health experts denied him both effective assistance of counsel and due process, on the merits. The district court dismissed because the right of indigent criminal defendants to funds for a mental health expert to assist in trial preparation and presentation of defense at trial has not been extended to state post-conviction proceedings.  *See Caldwell v. Johnson*, 226 F.3d 367, 373-74 (5th Cir. 2000) (refusing to extend the right to funds for mental health expert at trial to hearings determining competency to be executed).  Kemp argues that such funds were needed by his state habeas counsel to explore whether the trial attorney missed evidence of mental illness that might have been presented

as mitigating evidence. Essentially, Kemp argues that his state habeas counsel could not be effective without such funds. However, because there is no right to counsel in habeas proceedings, there is similarly no right to funding to ensure that the counsel is effective. *See Coleman v. Johnson*, 501 U.S. 722, 752-53 (1991) (holding there is no right to counsel in state post conviction proceedings). Moreover, there is no due process right to effective assistance of counsel on capital habeas claims in Texas. *See Ogan v. Cockrell*, 297 F.3d 349, 357 (5th Cir. 2002) (rejecting the argument that because Texas provides a right to counsel on post-conviction review of death sentences that ineffective counsel in such a setting denies the Fourteenth Amendment right to due process). Because there is no due process right to effective counsel, there is no right to funding necessary for effective counsel. Accordingly, a reasonable jurist could not find it debatable that Kemp's claim was without merit, and COA is denied on this issue.

The district court also dismissed Kemp's claims about the jury selection process on the merits. However, Kemp has inadequately briefed these issues. He does not state which jurors were objectionable; instead he refers this Court to his habeas petition filed in the district court. Incorporation by reference of documents and pleadings filed in the district court into appellate briefs is not allowed and, accordingly, these arguments are waived. *See Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452-53 (5th Cir. 2003) (finding that where brief is inadequate due to incorporation by reference, those arguments are waived).

Kemp has not shown that reasonable jurists could debate the district court's resolutions of his constitutional claims, and therefore COA is **DENIED** on all claims.